NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., | Civil Action No.: 13-03276 (CCC) |
| Plaintiff, | OPINION |
| v. | |
| GREG MILLER, | |
| Defendant. | |

**CECCHI, District Judge.**

This matter comes before the Court upon the Motion of Defendant Greg Miller ("Defendant") to Dismiss the Complaint of Plaintiff Days Inns Worldwide, Inc. ("Plaintiff"). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. Based on the following and for the reasons expressed therein, Defendant's Motion to Dismiss is **granted**.

## I. BACKGROUND[1]

Plaintiff is a Delaware corporation with its principal place of business in Parsippany, New Jersey. On April 11, 1997, Defendant entered into a license agreement (the "License Agreement") with Plaintiff for the operation of a fifty-room guest lodging facility located in Murdo, South Dakota. Pursuant to paragraph 17.4 of the License Agreement, Defendant consented to the jurisdiction of New Jersey state courts and the District of New Jersey for all cases and controversies arising out of the License Agreement. Additionally, the parties contemporaneously executed an

---

[1] The facts from this section are taken from the parties' pleadings.

Addendum to the License Agreement (the "Addendum"), also dated April 11, 1997. Paragraph two of the Addendum states the following: "Any provision in the License Agreement which designates jurisdiction or venue, or requires [Defendant] to agree to jurisdiction or venue, in a forum outside of South Dakota, is deleted from any License Agreement issued in the state of South Dakota."

Plaintiff states that, beginning in 2012, Defendant repeatedly failed to meet his financial obligations to Plaintiff under the License Agreement. Plaintiff filed a four count Complaint against Defendant on May 23, 2013 (ECF No. 1). Defendant filed the instant Motion to Dismiss on July 16, 2013 for 1) lack of personal jurisdiction, 2) improper venue, and, alternatively, 3) a Motion to Transfer Venue. (ECF No. 8). Plaintiff filed an Opposition on August 5, 2013 (ECF No. 9). Defendant filed a Reply on August 12, 2013 (ECF No. 11).

## II.   STANDARD OF REVIEW

In deciding a motion to dismiss for lack of personal jurisdiction, a court must assume the allegations of the complaint are true. See Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996); Carteret Savs. Bank & Shushan, 954 F.2d 141, 142, N.1 (3d Cir. 1992); Wright v. Xerox Corp., 882 F. Supp. 399, 403 (D.N.J. 1995). To assert personal jurisdiction over a nonresident defendant, the plaintiff has the burden to establish the defendant had sufficient minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation omitted).

Personal jurisdiction arises when a defendant "purposefully avails [him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla,

2

357 U.S. 235, 253 (1958)). In other words, the defendant must have engaged in some purposeful conduct within the forum "such that he should reasonably anticipate being haled into court there." See World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980). To demonstrate such conduct, "the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contact with forum state ('general jurisdiction'). Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (quoting Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-416 (1984)).

## III.    DISCUSSION

Defendant argues that the Addendum effectively deleted the forum selection clause found in paragraph 17.4 of the License Agreement. Absent the forum selection clause, Defendant asserts that he has neither consented to personal jurisdiction in New Jersey nor does he have the requisite minimum contacts with New Jersey necessary to sustain personal jurisdiction. Alternatively, Defendant argues that venue is improper.

### A.    Validity of the Forum Selection Clause

Under New Jersey law, words in a contract "must be given their ordinary meaning." Assisted Living Assoc.'s of Moorestown, L.L.P. v. Moorestown Twp., 31 F. Supp. 2d 389, 398 (D.N.J. 1998). Further, "[w]here the terms . . . are clear and unambiguous there is no room for interpretation or construction and the courts must enforce those terms as written." Id. (quoting Homann v. Torchinsky, 686 A.2d 1226, 1231 (N.J. Super. Ct. App. Div. 1997).

This Court finds that the language of the addendum unambiguously revokes the forum selection clause in the License Agreement. Plaintiff argues that the Addendum is inapplicable to the forum selection clause because "[i]t does not prohibit [D]efendant from filing suit in South

3

Dakota, but only expresses his agreement to waive objection to jurisdiction and venue in New Jersey" (Pl.'s Opp'n at 10). However, the Addendum clearly states that any provision in the License Agreement that "requires [Defendant] to agree to jurisdiction or venue, in a forum outside of South Dakota, is deleted." The Addendum is thus clearly applicable to a forum selection clause that requires Defendant to consent to jurisdiction in New Jersey. Therefore, this Court must instead determine whether personal jurisdiction independently exists over Defendant.

### B.     Minimum Contacts

Plaintiff does not appear to allege or argue that this Court has general jurisdiction over Defendant. Thus, this Court will only address whether personal jurisdiction over Defendant is proper by way of specific jurisdiction. A court has specific jurisdiction over a defendant when the defendant has "minimum contacts with the forum state and if asserting jurisdiction based on those contacts comports with 'fair play and substantial justice." Ameripay, LLC v. Ameripay Payroll, Ltd., 334 F. Supp. 2d 629, 632 (D.N.J. 2004) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Furthermore, the action must be related to these minimum contacts. Id. at 633.

Plaintiff asserts that this Court has specific jurisdiction over Defendant because Defendant has "purposely availed himself of the benefits of this forum by doing business with [Plaintiff], which he knew was located in New Jersey, and by agreeing to continuing obligations under . . . the license Agreement" (Pl.'s Opp'n at 11). Specifically, Plaintiff argues that the License Agreement contemplated Defendant making monthly payments to Plaintiff within New Jersey for a period of twenty (20) years (Id.). However, it is well-settled law in the Third Circuit that "[c]ontracting with a resident of the forum state does not alone justify the exercise of personal jurisdiction over a non-resident defendant." Mellon Bank (E.) PSFS, N.A. v. DiVeronica Bros., Inc., 983 F.2d 551, 557 (3d Cir. 1993); see also Cole v. McGuire Bros. Const., Inc., No. 05-678,

2005 WL 3077902, at *5 (D.N.J. Nov. 15, 2005) ("A contract alone between a resident and a non-resident, does not automatically establish sufficient minimum contacts to exercise jurisdiction over the non-resident."). A court "must also look to other factors such as 'prior negotiations and contemplated consequences, along with the terms of the contract and the parties' actual course of dealing.'" Carter Ledyard & Milburn LLP v. Carrascosa, No. 07-3216, 2010 WL 4609501 at *4 (D.N.J. Nov. 1, 2010) (quoting Grand Entm't Grp., Ltd. V. Star Media Sales, Inc., 988 F.2d 476, 482 (3d Cir. 1993)). Furthermore, "courts have recognized that various forms of communications between the parties, including written correspondence and telephone calls, factor into the minimum contacts analysis." Id. Here, the Complaint does not allege the existence of any of these additional factors. The only mention of New Jersey in the Complaint pertains to Plaintiff's principal place of business and the forum selection clause in the License Agreement, which was deleted by the Addendum. The parties do not dispute that the business operations and property governed by the License Agreement took place and were located solely in South Dakota. All of the allegations in the Complaint relate to the License Agreement, thus Plaintiff has not shown that this Court has the authority to assert personal jurisdiction over Defendant. Accordingly, Defendant's Motion to Dismiss is granted.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(2) is **granted**. Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(3) and Motion to Transfer are **denied** as moot. An appropriate order follows this Opinion.

DATED: November 19, 2014

_____
**CLAIRE C. CECCHI, U.S.D.J.**